## Supreme Court—Special Term—First Department.

*August*, 1886.

## PEOPLE *v.* SQUIRE.

### REMOVAL OF CASE UNDER SEC. 344, CODE CRIM. PRO.

Where it appears that novel, intricate and important questions of law are likely to arise on the trial; that the matters involved have attracted great attention and been widely discussed by the press; that great care will be necessary to prevent injustice being done to defendants from that cause; that defendants have occupied positions of great influence and responsibility in the city, and that the case is of the highest importance, not only to the defendants but also to the interests of good government, such facts furnish the "good cause" required by subdivision 1, section 344, Code of Criminal Procedure, for the removal of the action from the subordinate to the higher court, *e. g.*, from the General Sessions to the Oyer and Terminer of New York city.

To justify a removal of the cause to another city or county, under subdivision 2, section 344, it must be shown affirmatively and clearly that a fair and impartial trial cannot be had in the county where the indictment is pending. In this case, *Held*, that the facts did not justify such a removal.

MOTION by defendants, Rollin M. Squire and Maurice B. Flynn, to remove an indictment from the Court of General Sessions to the Court of Oyer and Terminer of the county of New York, and also from the county of New York to some other county.

*Richard S. Newcombe*, for the motion.

*De Lancey Nicoll* (assistant district attorney), opposed.

CHURCHILL, J.—Section 344 of the Code of Criminal Procedure provides that a criminal action prosecuted by indictment may at any time before trial, on the application of the defendant, be removed from the court in which it is pending in the following cases:

"*First.* From a Court of Sessions or a City Court to the Court of Oyer and Terminer of the same county for good cause shown.

"*Second.* From a Court of Oyer and Terminer, or Sessions, or a City Court, to the Court of Oyer and Terminer of another county, on the ground that a fair and impartial trial cannot be had in the county or city where the indictment is pending."

Both of these kinds of relief are sought by the defendants in this motion. The indictment in this case was filed on the 17th day of August, 1886, and is for conspiracy as defined by section 168 of the Penal Code.

From the papers presented, it is clear that novel, intricate and important questions of law are likely to arise upon the trial of this action; that the matters involved have attracted great attention, and have been widely discussed by the press of the city; and that great care will be required to prevent injustice being done to the defendants from that cause; that the defendants have occupied positions of great influence and responsibility in the city; and that the case is one the proper disposition of which is of the highest importance not only to the defendants personally, but also to the interests of honest municipal government. These facts furnish the "good cause" required to be shown for the removal of an action from a subordinate to a higher court, and clearly bring the motion as to the first form of relief sought within the rule laid down in the only reported case cited upon this question : People *v.* Sessions, 10 *Abb. N. C.* 192.

It is urged on behalf of the People that the Court of General Sessions of the city of New York is of equal jurisdiction in the trial of criminal matters with the Court of Oyer and Terminer, and that the judge likely to preside at the time at which this indictment, if remaining in the Sessions, would be moved for trial, is one whose learning, integrity and ability fit him to pre-

side over the most important trials. But it was well said in People *v.* Sessions (*supra*) that: "In deciding upon such an application, it is impossible that the court or judge to whom it is addressed should regard the *personnel* of the magistrate who is to preside in the lower court. The tribunal or court which the laws of the State make the superior one must in the administration of justice be so regarded."

If a trial earlier than November is desired by the People, the Governor can appoint an extraordinary term by the Court of Oyer and Terminer for the trial of the case. The defendants have moved promptly, and have made a case which entitles them to the first part by the relief sought.

The defendants further move that this action be removed for trial from the county of New York to some other county, on the ground that a fair and impartial trial cannot be had in the county where the indictment is now pending. To show that this ground exists the defendants have submitted their own affidavits, stating that the press of this city, with a daily circulation of more than one million copies, have from day to day, since July 29, 1886, published violent and abusive attacks upon them, and particularly with reference to the matters charged against them in this indictment, and which they believe have so far poisoned the minds of residents of this city that they cannot have a fair and impartial trial within it. They have also submitted a large number of articles cut from the issues of the daily and weekly press of this city, which seem fully to sustain their affidavits as to the nature and extent of the attacks made upon them.

It is well settled in this State that before the change asked for will be made it must be shown affirmatively and clearly that a fair and impartial trial cannot be had in the county where the indictment is pending. People *v.* Bodine, 7 *Hill,* 147; People *v.* Vermilyea, 7 *Cow.* 108; People *v.* Sammis, 3 *Hun,* 560.

In each of these cases the motion to change was denied, although in each case a considerable degree of prejudice was shown to exist. In the last case the court say: "When an accused person applies to change the place of trial he must,

under all cases, make a clear case that by reason of popular passion or prejudice he cannot have a fair and impartial trial in the county where the venue is laid."

In the pending case the papers fail to satisfy me that a fair and impartial trial cannot be had within the county of New York. Of its 35,000 citizens liable to jury duty a large number have undoubtedly been absent from the city during the brief period in which the articles complained of have appeared. A still larger number probably are the men who, engrossed in business, have not read the newspapers to such an extent or with such attention as to have formed any opinion upon the questions involved in this indictment. A much larger number will undoubtedly be found of fair-minded, intelligent men, who, from the instinct of fair play and a feeling in accordance with the rule of the common law, that a man should be presumed innocent till *proved* guilty, have held their judgments as to the guilt or innocence of the accused in such suspense that they could fairly and impartially try the issues in this action. From these classes it seems that a fair and impartial jury may be impaneled, and a fair and impartial trial had within the county of New York.

The motion to remove this action from the Court of General Sessions of New York to the Court of Oyer and Terminer of the county of New York is granted. The motion to remove the action from the county of New York to some other county is denied.